IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNSON CARTER,

    Plaintiff,

v.

HENRY CARLSON'S CONSTRUCTION
COMPANY, ET AL.,

    Defendants.

ORDER

Case No. 16-cv-230-wmc

*Pro se* plaintiff Johnson Carter brought this proposed civil action, under federal diversity jurisdiction, 28 U.S.C. § 1332, in which he alleges that the defendants are liable under state law for his exposure to asbestos. As Carter has been permitted to proceed *in forma pauperis* without payment of an initial partial filing fee, his complaint is ready for screening pursuant to 28 U.S.C. § 1915A. For the following reasons, Carter may not proceed unless he files an amended complaint that addresses the deficiencies described below.

ALLEGATIONS OF FACT[1]

Carter is currently imprisoned at the Oshkosh Correctional Institution, and his home address is located in Wausau, Wisconsin. Carter named three defendants: Henry Carlson's Construction Company, an "unknown heir" and/or hospital and an "unknown temp agency." He indicates that all of the defendants are located in Sioux Falls, South Dakota.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the facts above based on the allegations in Carter's complaint.

1

On February 1, 2016, Carter got sick while he was housed at the Lincoln County Jail. At approximately 11:30 in the morning, he was rushed to the Ministry Good Samaritan Health Center, located in Merrill, Wisconsin. Doctors and nurses took x-rays of Carter, and "did other procedures." On February 4, 2016, when Carter was back at the Lincoln County Jail, medical personnel told him that he had been exposed to asbestos. Carter does not include any allegations about the symptoms he was experiencing or exactly what he was told about the ramifications of his asbestos exposure.

According to Carter, in approximately 1988, he was working for a temp agency in Sioux Falls, South Dakota, and was hired to do construction for Henry Carlson's Construction Company. While working for Henry Carlson's, he worked at a hospital located in Sioux Falls, demolishing old sections of the hospital for a remodel. The foreman of his construction crew told Carter and his fellow workers that the old building had asbestos that they were tearing out. Apparently the only safety gear they wore was a 25-cent paper mask.

Carter indicates that he is currently in the process of trying to get his x-rays and medical records from the hospital. He does not provide any other details about the work he did in 1988 or his current medical state.

OPINION

Plaintiff seeks relief because he claims that his exposure to asbestos will end up taking his life. He is suing under state law, and thus is seeking to proceed under 28 U.S.C. § 1332, which provides federal courts with subject matter jurisdiction over state

2

law claims where the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000.

It appears that this court may exercise diversity jurisdiction here. Carter indicates that he is a resident of Wisconsin and each defendant is located in Sioux Falls, South Dakota. Thus, it is possible that none of the defendants also reside in Wisconsin, so the diversity of citizenship requirement may be fulfilled. Additionally, plaintiff is seeking $23,000,000 in damages for what he alleges is his future loss of life.

Reading plaintiff's complaint generously, it appears that he is seeking to bring negligence claims against each of the defendants. Yet the allegations in his complaint do not follow the requirements of Federal Rule of Civil Procedure 8. Under that Rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). As his complaint stands, plaintiff's allegations are too vague to permit him to proceed.

As subject matter jurisdiction in this case is based on diversity of citizenship, either Wisconsin or South Dakota law will apply to plaintiff's claims.[2] To prevail on a claim for negligence in South Dakota, a plaintiff must prove (1) a duty on the part of the defendant; (2) a failure to perform that duty; and (3) an injury to the plaintiff resulting from such failure. *Kuehl v. Horner*, 678 N.W.2d 809, 812 (S.D. 2004). In South Dakota,

---

[2] As plaintiff will be required to amend his complaint regardless of which state law applies, the court will save the choice of law question for another day.

3

for a duty of care to exist, "a sufficient relationship must exist between the parties. Foreseeability may also create a duty." *Braun v. New Hope Tp.*, 646 N.W.2d 737, 740 (S.D. 2002). The determination of whether a duty exists is a legal one. *Id.* Similarly, in Wisconsin, a plaintiff must prove (1) a breach of (2) a duty owed (3) that results in (4) injury or injuries, or damages. *Paul v. Skemp*, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865 (2001) (*citing Nieuwendorp v. Am. Family Ins. Co.*, 191 Wis. 2d 462, 475, 529 N.W.2d 594 (1995)).

At this early stage, plaintiff's allegations are sufficient to permit an inference that each of the defendants owed him a duty of care and breached it. As to Henry Carlson's, the allegations that a foreman knew that the construction workers would be handling asbestos-laden materials, but only provided them with a safety mask, appear sufficient to suggest that this defendant both owed him a duty of care and breached it by failing to provide proper safety gear.

As to the temp agency, although plaintiff alleges that this defendant merely placed him with Henry Carlson's for construction work, it is too early for the court to conclude that the temp agency did not have a duty to investigate the work being done by the Henry Carlson's. If the agency did owe plaintiff such a duty, its failure to ensure that proper safety precautions were taking place could amount to a breach of its duty of care. Similarly, with respect to the hospital, it is unclear that it owed plaintiff a duty of care, or that it was in a position in which it could breach that duty. Nor is it apparent that the hospital could control how the construction workers handled the demolition process

carried out by Henry Carlson's. Again, however, it is too early in the proceedings for the court to draw these inferences against plaintiff.

Plaintiff nonetheless will be required to amend his complaint because his allegations are too vague to establish that he has incurred any damages. Plaintiff alleges that he visited the hospital and was later told he had been exposed to asbestos. He has not described any of the symptoms he experienced or explained that he has been diagnosed with any disease -- such as mesothelioma -- that would suggest he has been injured as a result of his exposure to asbestos. Thus, as his complaint now stands, plaintiff has not alleged facts suggesting that he has been injured or even that his injury is imminent. Yet his allegations that he has not been able to review his medical records do suggest that plaintiff himself does not know his diagnosis. Accordingly, I will give him the opportunity to file an amended complaint that provides more details about the symptoms he experienced in February of 2016 as well as any diagnosis or results of tests he has received.

In drafting his amended complaint, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that plaintiff Johnson Carter may have until **July 17, 2017**, to file an amended complaint that establishes the court's subject matter jurisdiction and complies with Federal Rule of Civil Procedure 8 as described in this order. **If plaintiff fails to respond by that date, the presiding judge may decide to dismiss this matter and direct the clerk of court to close the case.**

Entered this 5th day of June, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge