IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNSON CARTER,

                Plaintiff,                OPINION AND ORDER

    v.

                                            16-cv-230-wmc

HENRY CARLSON'S CONSTRUCTION
COMPANY, et al.,

                Defendants.

---

Plaintiff Johnson Carter alleges that he was injured by asbestos exposure while performing work for defendant Henry Carlson's Construction Company ("HCCC"), to which he was assigned from a "temp agency." He seeks monetary damages on the basis of tort law. The unknown hospital, where the asbestos exposure was said to occur, and the unknown temp agency are also listed as defendants. Before the court is HCCC's motion to dismiss (dkt. #19), arguing that workers' compensation provides the exclusive remedy for Carter's claim. For the following reasons, this court agrees and will dismiss this case.[1]

BACKGROUND[2]

During the late 1980s, while living in Sioux Falls, South Dakota, Johnson Carter was assigned by a temporary employment agency to work for defendant HCCC. Carter alleges that he performed a variety of jobs on a construction project at a hospital, where

---

[1] Since it appears not only does plaintiff not remember the identity of the temp agency or hospital involved, but has been unable to do so through discovery, the claims against them will be dismissed as well, though without prejudice.

[2] For purposes of this motion, the facts alleged in plaintiff's complaint are considered to be true.

HCCC acted as his supervisor. (Am. Compl. (dkt. #10) 2.)

For three weeks, Carter performed demolition work as old parts of the hospital were torn down. During this time, Carter's supervisor informed him that the areas being demolished contained asbestos and provided paper masks. Many walls and floors were torn out and the air contained cloudy dust and debris, which Carter maintains exposed him to asbestos. This exposure allegedly caused a variety of severe medical symptoms shortly after, which continue to this day. Carter notes that on a recent visit to the hospital, involving x-rays, he noticed a report mentioning asbestos.

OPINION

To avoid dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In making this determination, the court must "constru[e] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

In its motion to dismiss, HCCC argues that Carter has alleged a workplace injury for which workers' compensation provides the exclusive remedy. (Mot. Dismiss (dkt. #19) 1.) Carter responds that he was not employed by HCCC and that, even if he was, HCCC's conduct rises to the level of an intentional tort. Since neither response is availing, this case must be dismissed.

I. Workers' Compensation Exclusivity

Regardless of whether South Dakota or Wisconsin law applies, plaintiff is an employee of HCCC for purposes of workers' compensation.[3] South Dakota law defines an "employee" for purposes of workers' compensation as "any person, including a minor, in the services of another under any contract of employment, express or implied[.]" SDCL 62-1-3. When an employee is lent by a general employer to a special employer, the special employer becomes liable for workers' compensation "only if (a) the employee has made a contract of hire, express or implied, with the special employer; (b) the work being done is essentially that of the special employer; and (c) the special employer has the right to control the details of the work." *Goodman v. Sioux Steel Co.*, 475 N.W.2d 563, 564 (S.D. 1991). If these factors are met, the exclusivity provision of SDCL 62-3-2 applies to preclude non-intentional tort claims:

> The rights and remedies granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents, or next of kin, on account of such injury or death against the employer or any employee, partner, officer, or director of the employer, except rights and remedies arising from intentional tort.

Moreover, this statute is construed "liberally to provide coverage, even when a worker would rather avoid it." *Goodman*, 475 N.W.2d at 565.

Here, even if plaintiff spent his entire term on the construction project as a

---

[3] When, as here, there is no outcome-determinative difference between two bodies of law, it is unnecessary to engage in a choice of law analysis. *Glaeske v. Shaw*, 2003 WI App 71, ¶ 21, 261 Wis. 2d 549, 562, 661 N.W.2d 420, 427 (2003).

temporarily assigned employee, he had an implied contract with HCCC. In *Goodman*, which also involved an employee assigned from an employment agency, the court found just such an implied contract because the "purpose" of the association with the agency was "to secure temporary employment with other businesses[]." *Id*. Since HCCC could have refused to accept plaintiff's assignment or have relieved him of his duties once assigned, it "maintained the right to hire and fire" from its "perspective." *Id*. There can be no serious dispute that plaintiff performed his work on behalf of HCCC, and it is undisputed that his work was done under its "direction and control." *Id*. Under South Dakota law, therefore, workers' compensation exclusivity bars any non-intentional tort claim arising from plaintiff's work for HCCC.

The Wisconsin approach is largely identical, asking the following four questions:

> (1) Did the employee actually or impliedly consent to work for a special employer? (2) Whose was the work he was performing at the time of injury? (3) Whose was the right to control the details of the work being performed? (4) For whose benefit primarily was the work being done?

*Freeman v. Krause Milling Co.*, 43 Wis. 2d 392, 394, 168 N.W.2d 599, 600 (1969) (internal quotation marks omitted). Under this approach, there is also a presumption "that the employee remains in the employ of the general employer." *Id*.

Here, again, plaintiff would be considered an employee of HCCC -- as there was implied consent to perform HCCC's work, and it was being performed at the time of the alleged exposure to asbestos. As previously discussed, there is also no dispute that HCCC had the right to control the details of the work being performed and plaintiff's work was done for the benefit of HCCC's construction project.

4

Because plaintiff alleges that his exposure to asbestos occurred while he was working on HCCC's construction project, therefore, the exclusivity rule for workers' compensation bars non-intentional tort claims based on his exposure, regardless of which body of state law applies.

## II. Intentional Tort Claim

Plaintiff acknowledges that the amended complaint does not specify an intentional tort claim, but in his opposition brief, he suggests that such a claim is asserted because HCCC had "full knowledge of the danger" and "was aware of the asbestos because [the] foreman brought . . . me a cheap .25 cent mask and told us to wear [it] because the building contain[ed] asbestos." (Pl.'s Br. Opp. (dkt. #25) 4.) However, an "extraordinary circumstance where worker's compensation is not the exclusive remedy is where the employer intends to cause the injury suffered by the worker." *Harn v. Cont'l Lumber Co.*, 506 N.W.2d 91, 95 (S.D. 1993). Moreover, "intent pointedly means intent" and requires a "substantial certainty" of harm. *Id*. Under this standard, even more is required than under "willful and wanton conduct" standard; "[s]ubstantial certainty should not be equated with substantial likelihood." *Id*. at 96.

Plaintiff has simply not pleaded sufficient facts to reasonably infer this standard. In particular, HCCC's knowledge of a risk of asbestos exposure does not mean it acted with "substantial certainty" that plaintiff would suffer negative health effects. If anything, the fact that HCCC attempted to take precautions by providing a mask and advising plaintiff of the presence of asbestos indicates a lack of intent on HCCC's part to intentionally cause harm to its employees. Even if a jury could assume that HCCC "had full knowledge of the

5

danger" when it assigned plaintiff's work, this is still not enough to conclude that HCCC believed there was more than a "substantial likelihood" of harm, as is required for "substantial certainty" under South Dakota law. Nor would the result change under Wisconsin law, where "[a]n intent to cause injury exists where the actor subjectively intends to cause injury or where injury is substantially certain to occur from the actor's conduct." *Gouger v. Hardtke*, 167 Wis. 2d 504, 512, 482 N.W.2d 84, 88 (1992).

For these reasons, HCCC's motion to dismiss will be granted as workers' compensation provides the exclusive source of any potential remedy available to plaintiff.

ORDER

IT IS ORDERED that:

1) Defendant Henry Carlson's Construction Company's motion to dismiss (dkt. #19) is GRANTED.

2) The clerk of the court shall enter judgment for defendant HCCC with prejudice and without prejudice as to the unnamed temp agency and hospital.

Entered this 31st day of March, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge